UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
NOV 19 2009
Clerk, U.S. District and Bankruptcy Courts

Milton Joseph Taylor,            )
                                 )
           Plaintiff,            )
                                 )
     v.                          )   Civil Action No.   09 2190
                                 )
D.C. Housing Authority *et al.*, )
                                 )
           Defendants.           )

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a District of Columbia resident, sues the District of Columbia Housing Authority, its regional administrator, a residential manager and the Housing Authority's attorneys for "threatening to evict" him from the Barry Farm Dwellings for non-payment of late rental fees and utility fees. Plaintiff seeks monetary damages and an order staying the eviction proceedings. Although plaintiff has invoked the Fifth, Eighth, Thirteenth and Fourteenth amendments to the

Constitution, Compl. at 2, 8, he has stated no facts supporting constitutional violations. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) ("[A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level[.]") (citations omitted); accord *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009) ("bare assertions" of "constitutional discrimination claim" are "not entitled to be assumed true").[1] Because the complaint neither presents a federal question nor provides a basis for diversity jurisdiction because the parties are not of diverse citizenship, it will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: October 26, 2009

United States District Judge

---

[1] The complaint and attachments show that plaintiff received the process due him under the Fifth Amendment in the Landlord and Tenant Branch of the Superior Court of the District of Columbia, where plaintiff alleges that he was forced to enter "into a consent judgment . . . to pay $1,295." Compl. at 5. This Court lacks jurisdiction to review the local court proceedings. *See Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995).